**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4766**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

KEITH ORBIE JAMES,

        Defendant – Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:09-cr-00190-NCT-3)

———————

Submitted:  April 28, 2011          Decided:  May 4, 2011

———————

Before GREGORY, AGEE, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Benjamin D. Porter, MORROW ALEXANDER PORTER & WHITLEY, PLLC, Winston-Salem, North Carolina, for Appellant.  Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith James appeals the 254-month sentence imposed following his guilty plea to two counts of interference with commerce by robbery, in violation of 18 U.S.C. §§ 2, 1951 (2006) ("Counts One and Three"), and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2006) ("Count Two"). On appeal, James contends that the district court erred in (1) applying a Sentencing Guidelines enhancement for James's leadership role in the offense; and (2) denying the Government's motion for a two-level downward departure on Count Two. Finding no reversible error, we affirm.

We review a sentence for reasonableness, applying a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In doing so, we review legal questions de novo and factual findings for clear error. United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). Specifically, a district court's decision to apply a sentencing adjustment based on the defendant's role in the offense is reviewed for clear error. United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002).

Pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(c) (2008), a defendant qualifies for a two-level enhancement if he was "an organizer, leader, manager, or

2

supervisor in any criminal activity." USSG § 3B1.1(c). In determining a defendant's leadership role, a court should consider seven factors:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1, cmt. n.4; see also Sayles, 296 F.3d at 224. "Leadership over only one other participant is sufficient as long as there is some control exercised." United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003).

We hold that the district court did not clearly err in determining that James should receive an enhancement for being a manager. The evidence presented at sentencing indicated that James organized, recruited, and directed the participants, supplied the gun for the robberies, and exercised control over the proceeds of the robberies. Thus, we conclude that there was sufficient evidence for the district court to find that James qualified as a leader and to apply the two-level enhancement.

We lack the authority to review a district court's denial of a downward departure unless the district court did not recognize its authority to do so. United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). Here, it is clear that the district court understood its authority to depart downward

3

pursuant to USSG § 5K1.1, as it explicitly stated that it was departing downward on Counts One and Three but not on Count Two. Therefore, we decline to review the district court's denial of the Government's substantial assistance motion.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4